**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TAMARA TAYLOR, individually and on behalf of her minor child; N. B.,

Plaintiffs-Appellees,

v.

CHRISTINE NEVES, in an individual capacity; et al.,

Defendants-Appellants,

and

CITY AND COUNTY OF HONOLULU; et al.,

Defendants.

No.    23-15507

D.C. No.
1:22-cv-00013-HG-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaiʻi
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted June 14, 2024
Honolulu, Hawaiʻi

Before:  CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Honolulu Police Department Officers Christine Neves, Corey Perez, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Warren Ford ("HPD Officers") appeal the district court's denial of their motion to dismiss the operative complaint in this 42 U.S.C. § 1983 action based on their claims of qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *David v. Kaulukukui*, 38 F.4th 792, 799 (9th Cir. 2022), we affirm in part, reverse in part, and remand.[1]

1. We reverse the district court's denial of qualified immunity to the HPD Officers as to Plaintiffs' false arrest claim. "To determine whether qualified immunity applies in a given case, we must determine: (1) whether a public official has violated a plaintiff's constitutionally protected right; and (2) whether the particular right that the official has violated was clearly established at the time of the violation." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017). For a right to be clearly established, it must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11–12 (2015) (citation and internal quotation marks omitted). "When engaging in such review, we 'accept[] as true all well-pleaded allegations' and 'construe[] them in the light most favorable to the non-moving party.'" *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (quoting *Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018)).

---

[1] As the parties are familiar with the facts of this case as set forth in the operative Second Amended Complaint, we do not recite them here, except as necessary.

Citing *Gasho v. United States*, 39 F.3d 1420 (9th Cir. 1994), Plaintiffs claim that the HPD Officers violated N.B.'s clearly established right to be free of an arrest without probable cause. But Plaintiffs' reliance on this general proposition is insufficient. The Supreme Court has "repeatedly stressed that courts must not 'define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.'" *District of Columbia v. Wesby*, 583 U.S. 48, 63–64 (2018) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014)). Under this rule, a plaintiff "must *identify a case* where an officer acting under similar circumstances as [defendants] was held to have violated the Fourth Amendment." *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)) (internal quotation marks omitted).

Plaintiffs have failed to identify such a case. The cases on which they rely— *In re PP*, 325 P.3d 647 (Haw. Ct. App. 2014), *State v. Chung*, 862 P.2d 1063 (Haw. 1993), and *State v. Valdivia*, 24 P.3d 661 (Haw. 2001)—involved factual circumstances wholly different than those presented here. The HPD Officers are therefore entitled to qualified immunity on Plaintiffs' false arrest claim.

2. We affirm the district court's denial of qualified immunity as to Plaintiffs' excessive force claim. Whether the amount of force employed was excessive depends on "the facts and circumstances of each particular case, including the

severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "We must affirm the district court's denial of qualified immunity if, accepting all of Plaintiffs' allegations as true, [the defendant's] conduct '(1) violated a constitutional right that (2) was clearly established at the time of the violation.'" *Polanco*, 76 F.4th at 925 (quoting *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022)).

In *C.B. v. City of Sonora*, we held that the "use of handcuffs on a calm, compliant, but nonresponsive 11-year-old child was unreasonable." 769 F.3d 1005, 1030 (9th Cir. 2014) (en banc). We also determined that the "decision to leave [the child] in handcuffs for the duration of [a] half-hour commute to his uncle's business—a commute that took place in a vehicle equipped with safety locks that made escape impossible—was clearly unreasonable." *Id.* Following *Sonora*, no reasonable official could have believed that the level of force employed against ten-year-old N.B. as alleged in Plaintiffs' Second Amended Complaint—namely, placing her in adult handcuffs to transport her to the police station—was necessary. Like the eleven-year-old child in *Sonora*, N.B. was calm and compliant, was questioned in a secluded office surrounded by adults, and did not resist arrest or attempt to flee.

Because at the time of N.B.'s arrest "[i]t [was] beyond dispute that handcuffing a small, calm child who is surrounded by numerous adults, who complies with all of the officers' instructions, and who is . . . unlikely to flee, was completely unnecessary and excessively intrusive," *id.* at 1030–31, the HPD Officers are not entitled to qualified immunity on Plaintiffs' excessive force claim. That, unlike the situation in *Sonora*, the HPD Officers may have had probable cause for the arrest in this case does not mean that *Sonora* did not put them on notice that the level of force used in effecting the arrest was nevertheless excessive.[2]

**AFFIRMED in part, REVERSED in part, and REMANDED.**[3]

---

[2] The HPD Officers also argue that they are entitled to qualified immunity because the Second Amended Complaint fails to identify each officer's unconstitutional conduct. But that complaint does contain specific allegations about each individual officer's conduct. And collective allegations are permissible when they are "used to describe the actions of multiple defendants who are alleged to have engaged in precisely the same conduct." *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018).

[3] At oral argument, the HPD Officers requested to file a high-resolution version of the drawing at issue in this case with the names of minor children redacted from the drawing. Because it is unclear whether this high-resolution version of the drawing was before the district court at the time of the decision on appeal in this case, the HPD Officers' Motion to Redact Names of Minors, Dkt. No. 24, is **DENIED**. To the extent that the HPD Officers wish to file the same version of the drawing that is currently under seal with this court, with the indicated redactions, they may renew their motion.